IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| MICHEAL GEORGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Dkt. No.  16-cv-1325 |
| | ) |
| CITY OF BROWNSVILLE, TENNESSEE, | ) JURY TRIAL DEMANDED |
| BILL RAWLS, individually, and in his | ) |
| official capacity as the Mayor for the City of | ) |
| Brownsville, Tennessee, and | ) |
| JEREMY McCLINTON, Individually, | ) |
| | ) |
| Defendants. | ) |

# COMPLAINT

## I. JURISDICTION AND VENUE

1. This is an action for damages, declaratory and injunctive relief, both preliminary and permanent, to redress the violation of rights secured by the First Amendment to the United States Constitution.  Jurisdiction is invoked pursuant to 42 U.S.C. §§ 1983, 1988, and 28 U.S.C. § 1331.  Declaratory injunctive relief is authorized pursuant to 28 U.S.C. §§ 2201 and 2202.  Plaintiff further invokes the pendent jurisdiction of this Court to hear and determine claims arising under state law, including T.C.A. § 50-1-304, the Tennessee Public Protection Act.  All of the actions complained of herein occurred in Haywood County, Tennessee, within the jurisdiction and venue of this Court.

## II. PARTIES

2. Plaintiff, Micheal George, is currently a resident of Hardin County, Tennessee, and was at all times relevant hereto employed by the City of Brownsville, Tennessee, as its

Animal Control Officer and was the Defendant City of Brownsville's "employee" as that term is defined under the Tennessee Public Protection Act. At the time of the acts alleged hereunder, Plaintiff was a citizen of Brownsville, Haywood County Tennessee.

3. Defendant, City of Brownsville, Tennessee, is a municipality duly incorporated under the laws of the State of Tennessee, located in Haywood County, Tennessee, and was the Plaintiff's "employer" as that term is defined under the Tennessee Public Protection. Service of process may be obtained on Defendant City of Brownsville by serving its mayor, Bill Rawls, at City Hall, 111 N. Washington Avenue, Brownsville, Tennessee 38012.

4. Defendant, Mayor Bill Rawls, is and was at all times mentioned in this Complaint the duly elected and acting Mayor for the City of Brownsville, Tennessee, and at all times stated herein was acting under color of law, to wit: under color of the statutes, charter, and ordinances, regulations, policies, customs, and usages of the State of Tennessee and the City of Brownsville, Tennessee; and is a resident of Brownsville, Haywood County, Tennessee. Defendant Rawls is sued in his individual capacity and in his official capacity as a policy maker for the City of Brownsville, Tennessee. Service of process may be obtained on Defendant Rawls, at Brownsville City Hall, 111 N. Washington Avenue, Brownsville, Tennessee 38012.

5. Defendant, Jeremy McClinton, was at all times mentioned in this Complaint employed by the Defendant, City of Brownsville, Tennessee as the Building Inspector and the City's Code Enforcement Officer and was the Plaintiff's Supervisor and at all times stated herein was acting under color of law, to wit: under color of the statutes, charter, and ordinances, regulations, policies, customs, and usages of the State of Tennessee and the City of Brownsville, Tennessee. Defendant McClinton is sued in his individual capacity. Service of process may be

obtained on Defendant McClinton at Brownsville City Hall, 111 N. Washington Avenue, Brownsville, Tennessee 38012.

### III.  STATEMENT OF CLAIMS

6. Plaintiff Micheal George (hereinafter "Plaintiff") began his employment as an Animal Control Officer for the City of Brownsville, Tennessee, (hereinafter "Defendant City") on or about July of 2012.

7. In July of 2015, Plaintiff became concerned because the air conditioning at the Brownsville-Haywood County Animal Shelter (herein "Animal Shelter"), which is operated and controlled by the Defendant City, had stopped working, thus making the shelter unbearably hot, humid, and an unfit environment for the housing of the animals kept therein.  In addition, the animals housed at the shelter were not properly provided with food and/or medical attention and/or appropriate living conditions which resulted in numerous animal deaths, disease, and a deplorable environment for the animals.

8. Plaintiff also became aware that the Animal Shelter was not following Tennessee and/or local laws regarding the placement and adoption procedures for the many of the animals adopted out of shelter, including but not limited to, not charging required fees for the adoption of the animals and/or failing to ensure that all of the animals adopted out of the shelter were spayed or neutered as required by law.  On more than occasion, Plaintiff was directed by his supervisor(s) to participate in the adoption of animals in a manner that would violate the law and he repeatedly refused to do so.

9. Plaintiff made several requests to his supervisors for the air conditioning at the shelter to be repaired.  In addition, Plaintiff reported to his supervisors that the animals in the

shelter were not being properly cared for and that they were not following Tennessee and/or local laws in many instances when they adopted out animals. Plaintiff's reports were ignored and the City took no actions to address Plaintiff's reports. Plaintiffs avers that these reports were protected speech under the First Amendment to the Constitution of the United States and the Tennessee Public Protection Act.

  10. After being ignored by his supervisors, on or about July 27, 2015, out of concern for the well-being of the adversely affected animals and as a citizen of Brownsville, Haywood County, Tennessee, Plaintiff contacted Alice Nunn, (hereinafter "Nunn") from the Brownsville-Haywood County Humane Society and advised her of the lack of air conditioning, the inhumane conditions of the shelter and the failure to follow the law when adopting out animals. In response to the information provided by Plaintiff, Nunn had the Humane Society place fans in the shelter to try and protect the animals from the extreme heat caused by the lack of air conditioning. Plaintiff aver that his communication with Nunn was protected speech under the First Amendment to the Constitution of the United States and the Tennessee Public Protection Act.

  11. Following his conversation with Nunn, Plaintiff was confronted by his supervisor, Jeremy McClinton (hereinafter "Defendant McClinton") who told Plaintiff that he "was lucky to have his job" following his report of the inhumane conditions of the shelter to Nunn. Plaintiff avers that following his conversation with Defendant McClinton, he began being written up with regard to his work performance. Plaintiff further avers that said write-ups were done in retaliation for Plaintiff reporting the inhumane conditions of the Animal Shelter and illegal adoption policies to the Humane Society and for his refusal to participate in animal adoptions that violated state and/or local laws.

12. On or about January 7, 2016, Plaintiff's employment was terminated by the Defendant City. Plaintiff avers that the reason given for his termination is mere pretext, and the true reason for his termination was because he engaged in speech protected by the First Amendment to the U.S. Constitution and because he refused to participate in and/or remain silent regarding the illegal activities involving the adoption procedures and subpar living conditions of the animals housed in the Defendant City's animal shelter. Plaintiff avers that Defendants Rawls and McClinton, acting in their individual and/or official capacities, participated in, authorized and/or ratified the decision to terminate his employment with the defendant Brownsville for the purpose of retaliating against him for engaging in this protected activity.

### IV. CAUSES OF ACTION

#### COUNT I
#### Claims brought pursuant to 42 U.S.C. § 1983

#### FIRST AMENDMENT CLAIMS

13. Plaintiff incorporates by reference the factual statements contained in the preceding paragraphs as if enumerated herein.

14. Plaintiff avers that the Defendant City of Brownsville, Defendant Rawls, in his individual and/or official capacity as Mayor and policy maker for the Defendant City and/or Defendant McClinton, in his individual capacity, acting intentionally and/or with deliberate indifference to Plaintiff's constitutional rights, retaliated against the Plaintiff for engaging in speech protected by the First Amendment to the United States Constitution in violation of Plaintiff's rights under said Amendment, resulting in the damages listed below.

15. Plaintiff avers that Defendant Rawls, acting in his individual and/or official capacity, conspired with others, both named and unnamed herein, acting in their individual and

official capacities and acting intentionally and/or with deliberate indifference to Plaintiff's constitutional rights, retaliated against the Plaintiff for engaging in speech protected by the First Amendment to the United States Constitution in violation of Plaintiff's rights under said Amendment, resulting in the damages listed below.

16. Plaintiff avers that Defendant McClinton, acting in his individual and/or official capacity, conspired with others, both named and unnamed herein, acting in their individual and official capacities and acting intentionally and/or with deliberate indifference to Plaintiff's constitutional rights, retaliated against the Plaintiff for engaging in speech protected by the First Amendment to the United States Constitution in violation of Plaintiff's rights under said Amendment, resulting in the damages listed below.

## COUNT II

## TENNESSEE PUBLIC PROTECTION ACT

17. Plaintiff incorporates by reference the factual statements contained in the preceding paragraphs as if enumerated herein.

18. Plaintiff avers that the above stated acts of the Defendant City of Brownsville, acting as the Plaintiff's employer, was a termination of his employment in retaliation for the Plaintiff having refused to engage in or remain silent about illegal activities, in violation of his rights under T.C.A. § 50-1-304.

## V. DAMAGES

19. As a direct and proximate cause of the foregoing deprivations of constitutional freedoms and statutory rights committed by Defendants, Plaintiff has suffered mental anguish,

public humiliation, diminished reputation, loss of employment and the benefits of employment, and has had to retain legal counsel to defend and prosecute his rights.

20. As a basis for punitive damages, Plaintiff would show that the deprivations of constitutional freedoms and statutory rights by Defendant Rawls and Defendant McClinton in their individual capacities were knowingly, intentionally, and maliciously done; and said acts were further an abuse of the power and trust for public officers.

## VI. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF RESPECTFULLY REQUESTS THAT THE COURT:

a. Declare Defendants' actions taken against Plaintiff to be in violation of 42 U.S.C. § 1983 and in contravention of the First Amendment to the United States Constitution and the laws of the State of Tennessee;

b. Enter preliminary, and thereafter a permanent injunction enjoining Defendants from engaging in the practices in violation of the United States Constitution and laws of the State of Tennessee as complained of herein;

c. Accept jurisdiction of the pendant state claims alleged in the Complaint;

d. Award Plaintiff compensatory damages against all Defendants as authorized by 42 U.S.C. § 1983 and state law in the amount to which he shows himself entitled;

e. Award Plaintiff punitive damages against the individually named Defendants in their individual capacity;

f. Award Plaintiff his costs, including a reasonable attorney's fee, pursuant to 42 U.S.C. § 1988; T.C.A. § 50-1-304(c)(2), and/or T.C.A. § 8-50-603;

g. Award Plaintiff any further relief, both general and specific, to which he may be entitled to in the premises;

h. Grant Plaintiff a trial by jury in this cause.

Respectfully Submitted,

WEINMAN THOMAS LAW FIRM

/s/ Michael L. Weinman
Michael L. Weinman (#015074)
*Attorney for Plaintiff*
112 S. Liberty Street, Suite 321
P.O. Box 266
Jackson, TN 38302
(731) 423-5565
mike@weinmanthomas.com